# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**JEREMY D. BARTRAM,**

    **Plaintiff,**

v.                                             Case No. 3:18-cv-01434

**WESTERN REGIONAL JAIL AUTHORITY;**
**CAPTAIN ALDRAGE;**
**CAPTAIN SAVILLA; and**
**ANY C.O. THAT HAS WORKED IN A5 SECTION,**

    **Defendants.**

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss. (ECF No. 13). Defendants argue that the Complaint should be dismissed against them, in part, because Plaintiff has failed to include any factual statements in the Complaint specifying how each named individual (i.e. Defendants Savilla, Aldridge, and the correctional officers) violated Plaintiff's constitutional rights. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to

correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

In this case, Plaintiff alleges unsanitary and unsafe conditions in pod A5 at the Western Regional Jail and Correctional Facility. Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)).

Plaintiff alleges that the defendant captains and unnamed correctional officers subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by denying him safe and sanitary living conditions. The Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (*citing Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (quoting *Rhodes v. Chapman,* 452

U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes,* 452 U.S. at 347).

In order for Plaintiff to prosecute a case against the named defendants, he must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of mind." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162,

166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370–80 (4th Cir. 1993)).

To fulfill the subjective component, Plaintiff must demonstrate that each individual named in the complaint acted with "deliberate indifference" to Plaintiff's health or safety. *Farmer*, 511 U.S. at 834. The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, the individuals named in the complaint would have a sufficiently culpable state of mind if they were each aware of an excessive risk of harm to Plaintiff's health or safety, but disregarded it. *See Wilson*, 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.")

In addition to the legal principles set forth above, Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than

4

*de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318 (S.D. Ind. 1997). "A plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted).

Therefore, in light of the governing standards and principles, Plaintiff must amend his complaint to **specifically name each individual** that he believes violated his rights and must state how each individual violated Plaintiff's constitutional rights, how those violations caused injury to Plaintiff, and the nature of the injuries. Therefore, Plaintiff is **ORDERED** to amend his complaint within **twenty-one (21) days** and cure the following deficiencies in pleading as indicated below:

1. Plaintiff must set forth a specific factual basis upon which the Court can conclude that Captain Savilla and Captain Alridge acted with deliberate indifference to Plaintiff's health and safety. As for the correctional officers, Plaintiff must identify specific officers he holds at fault and then state factually how each such officer violated Plaintiff's rights.

2. Plaintiff must identify the nature of the injury he claims to have suffered as a result of the defendants' alleged wrongdoing.

3. To the extent Plaintiff wishes to pursue prospective, non-monetary relief, he must describe the policies or procedures that he deems unconstitutional and name as a

5

defendant the official who is responsible for enforcement of the policy or procedure.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed against the individual defendants for failure to state a claim under 42 U.S.C. § 1983. If Plaintiff no longer wishes to pursue this civil action, he may file a motion with the Clerk of Court, asking that the lawsuit be voluntarily dismissed. **Plaintiffs is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

The Clerk is instructed to provide a copy of this order to Plaintiff and counsel of record.

**ENTERED:** September 18, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge